FEDORA NESTEROVICH, as Guardian ad Litem of JOHN NESTEROVICH, Plaintiff, *v.* MOUNT OLIVE CEMETERY, Defendant.

Supreme Court, New York County, February, 1924.

Negligence — cemeteries — action for injuries suffered by fall of gravestone — plaintiff and his mother lawfully in cemetery — when verdict in favor of plaintiff deemed neither contrary to law nor to the weight of evidence — when rule of res ipsa loquitur deemed not to apply.

At a time when plaintiff, a boy nine and a half years of age, accompanied by his mother was lawfully in defendant's cemetery and upon a path used to reach certain graves, a gravestone fell and fractured one of his legs. *Held,* that a verdict in favor of plaintiff in an action brought by his guardian *ad litem* was neither contrary to the law of the case nor to the weight of the evidence, and a motion to set the verdict aside and for a new trial under section 549 of the Civil Practice Act will be denied. The rule *res ipsa loquitur* held not to apply.

MOTION to set aside verdict and for new trial pursuant to section 549 of the Civil Practice Act.

*Rosalie F. Janoer,* for plaintiff.

*Van Zandt & Webb (F. N. Van Zandt,* of counsel), for defendant.

CRAIN, J. The plaintiff, a boy of nine and a half years, sues by his guardian *ad litem* to recover damages for personal injuries which, he says, he received through the negligence of the defendant, a cemetery corporation. On May 12, 1921, at a time when the plaintiff, accompanied by his mother, was lawfully in the cemetery, a gravestone fell upon him, fracturing one of his legs, and he has recovered a verdict of $1,000. The defendant moves to set aside this verdict and for a new trial under section 549 of the Civil Practice Act. It contends that the plaintiff at the time of the reception of his injury was a trespasser at the place where it occurred, because it says that he was not upon a road or path maintained by it but upon the grave of a stranger to him. It further contends that there is an absence of evidence as to the condition of the gravestone before it fell, and, therefore, no proof that it was defective and dangerous. It further urges that there is no evidence that the defendant had knowledge of its dangerous condition and consequent liability to fall if it was in such condition. The plaintiff seeks to sustain the verdict by applying the principle that negligence was inferable from the happening of the accident and by contending that the defendant had at least constructive notice of the dangerous condition of the gravestone. In the cemetery, according to the evidence, there was at least one road for vehicles and, at intervals of about eighty feet, strips of grass-covered sod about four feet in width between lines of graves. These strips, and these alone, defendant styles " paths." All the remaining sod-covered soil was divided into grave plots four feet wide by ten feet long. These abutted upon one another. After interments, the area into which caskets were lowered, smaller both in length and width, was rounded up into mounds. These constituted the graves, as distinguished from the grave plots. These mounds were of equal length and breadth and were all placed on substantially the center of each grass plot. The spaces on the sides and ends of the mounds separated them from each other and formed two sets of straight paths two feet wide, the strips of depressed ground running in one direction being parallel to one another and about three feet apart and those in the other direction being parallel to one another and about eight feet apart. Many graves could only be reached by going over such depressed strip of ground. This was admitted

by the defendant, but it contended that it was only over the strips that were at right angles to the so-called four-feet grass paths and which were three feet apart, that visitors could lawfully go over and that they could not lawfully go over the similar strips which ran at right angles to the carriage road and which were eight feet apart. This distinction was arbitrary and unreasonable and does not appear to have been made in practice. All these strips, whether running at right angles to the road or otherwise, were seemingly paths, and it was upon one of these paths that the plaintiff was at the time of the injury. The application of the principle, which usually passes under the name *res ipsa loquitur*, depends on the circumstances and character of the occurrence and on the relation of the parties so far as that relation defines the measure of duty imposed on the defendant. In this case, the surrounding circumstances brought into view in showing how the accident happened did not contain, without further proof, sufficient evidence of the defendant's duty and of its neglect to perform it to make the principle referred to applicable. Proof beyond the mere happening of the accident was required that the plaintiff was not a trespasser but was lawfully upon a path in the defendant's cemetery when he was struck. The principle was, therefore, not applied. The facts, however, so nearly brought the case within it that only slight evidence, apart from the mere happening, was necessary to justify the verdict. The verdict was not contrary to the law governing the case. It cannot be held that the verdict was clearly contrary to the weight of the evidence. The jury could have found, and to justify the verdict under the charge must have found, that the plaintiff was lawfully in the cemetery and upon a path used to reach certain graves when he received his injuries. They could have found that while upon such a path a headstone on a grave bordering the path fell upon him, without negligence on his part or the part of his mother, in whose company he came to the cemetery. The jury could further have found that the defendant, a cemetery corporation, had established, before the headstone in question was erected, regulations as to the size of headstones, but that its superintendent or those in charge of its cemetery allowed the headstone in question to be put up, although they knew that it was larger than allowed by such regulations. They moreover permitted it to be erected upon sloping ground, and the immediate cause of the fall seems to have been the inclined top to the base, the crumbling of cement and the breaking of a pin which was used to fasten the stone to the base. The jury could further have found that from the time the headstone was put up, April 23, 1905, down to the day of the accident, May 8, 1921 — over sixteen years — the defendant

Supreme Court, February, 1924.    [Vol. 122

did nothing with respect to the care or upkeep of the headstone and that it stood in what was known as the " uncared portion " of the cemetery.   The jury could have found that the superintendent passed almost daily for years by this headstone and that grass was cut about it twice a year.   The defendant appears to have assumed that because between it and the plotowner there was no agreement that it should care for the headstone and because it received from such plotowner no money for the upkeep of the headstone it was not chargeable with any duty to those upon a path adjacent to the headstone to keep it so that it would not fall over and do them injury.   It owed to those lawfully upon its paths the duty of exercising ordinary care to keep such paths reasonably safe, and this included the duty of exercising reasonable care to keep objects adjacent to such paths in such repair that they would not fall upon persons lawfully upon the paths.   The small damage awarded appears to have been very carefully assessed in the light of the complete recovery of the plaintiff.

Motion denied.

Ordered accordingly.